John E. Teidt, Esq. (SBN 134667)
**TEIDT & HURD**
1250 Corona Pointe Court Suite 402
Corona, California 92879
T: 951.549.9400
F: 951549.9800
Email: *jteidt@teidtlaw.com*

Robert J. Lynch, Esq. (SBN 192287)
**MCMAHON LYNCH LAW FIRM, INC.**
1250 Corona Pointe Court Suite 407
Corona, California 92879
T:  951.371.6868
F:  951.371.8787
Email: *rlynch@mcm-law.net*

Attorneys for Plaintiff/Counter-Defendants,
SDI LABS, INC. and OZMAN MOHIUDDIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SDI LABS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMEDAY TECHNOLOGIES, INC., a Delaware Corporation dba SAME DAY HEALTH, PRAESIDIUM DIAGNOSTICS LLC, dba SAME DAY TESTING, FUNDAMENTUM HEALTH, INC., a Delaware Corporation, QUICKMED dba QUICK MEDDX, FELIS HUETTENBACK, an individual, and DOES 1 through 50,<br><br>Defendant. | Case No. 2:23-CV-05619-MMF<br><br>**COUNTER-DEFENDANTS, SDI LABS, INC. AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM**<br><br>Complaint Filed:  May 22, 2023<br>[Los Angeles County Superior Court Case No. 23SMCV02246]<br>Removal Date:     July 12, 2023 |

1

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

|   |   |
|---|---|
| 1 | FUNDAMENTUM HEALTH, INC., a Delaware Corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | SDI LABS, INC., a California corporation, OZMAN MOHIUDDIN and ROES 1 through 10, inclusive, |
| 6 | |
| 7 | Counter-Defendants. |

Counter-Defendants SDI LABS, INC. ("SDI") and OZMAN MOHIUDDIN ("MOHIUDDIN") (hereinafter collectively "Counter-Defendants") hereby answer the Counter-Complaint filed by Counter-Claimant, FUNDAMENTAL HEALTH, INC. ("Counter-Claimant") as follows:

## THE PARTIES

1. As to the allegations contained in Paragraph 144 of the Counter-Complaint, Counter-Defendants admit that Counter-Claimant is a Delaware corporation authorized to do business in California, with its principal place of business in Venice, California.

2. As to the allegations contained in Paragraph 145 of the Counter-Complaint, Counter-Defendants SDI LABS, INC. and OZMAN MOHIUDDIN admit that it is a California corporation whose principal place of business is in Garden Grove, California.

3. As to the allegations contained in Paragraph 146 of the Counter-Complaint, Counter-Defendant OZMAN MOHIDDIN admits he is now and during all relevant times has been, an individual residing in Garden Grove, California. OZMAN MOHIUDDIN admits he is the founder and CEO of SDI and that he has conducted business in Los Angeles County.

4. As to the allegations contained in Paragraph 147 of the Counter-Complaint, Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis deny the allegations contained in Paragraph 147.

5. As to the allegations contained in Paragraph 148 of the Counter-Complaint, Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis deny the allegations contained in Paragraph 148.

6. As to the allegations contained in Paragraph 149 of the Counter-Complaint, Counter-Defendants admit that Roes 1 through 10 are sued pursuant to Central District Local Rule 19-1 and Counter-Claimant therefore sues said Counter-Defendants by such fictious names. Counter-Defendants deny that each of the fictitiously named Counter-Defendants are liable for the monetary obligations alleged or are otherwise responsible in some manner for the occurrences alleged and that Counter-Claimant's damages, as alleged, were proximately causes by Counter-Defendants' conduct.

7. As to the allegations contained in Paragraph 150 of the Counter-Complaint, Counter-Defendants deny each Counter-Defendant was an agent, employee, or partners of each of the other Counter-Defendants was acting within the course and scope of that agency, employment or partnership.

## JURISDICTION AND VENUE

8. As to the allegations contained in Paragraph 151 of the Counter-Complaint, Counter-Defendants admit this Court has subject matter jurisdiction over Counter-Claimant's counterclaims pursuant to 28 U.S.C. § 1367.

9. As to the allegations contained in Paragraph 152 of the Counter-Complaint, Counter-Defendants admit they are properly joined to this action under Federal Rules of Procedure 13(h) and 20.

10. As to the allegations contained in Paragraph 153 of the Counter-Complaint, Counter-Defendants admit they are subject to personal jurisdiction in this district.

11. As to the allegation contained in Paragraph 154 of the Counter-Complaint, Counter-Defendants admit venue for this action is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## UNDERLYING FACTS

12. As to the allegations contained in Paragraph 155 of the Counter-Complaint, Counter-Defendants admit that Counter-Claimant and SDI individually executed a "Term Sheet for the Potential Acquisition of SDI, Inc." ("Term Sheet"). Counter-Defendants deny as to the remaining allegation contained in Paragraph 155 alleging that MOHIUDDIN individually executed a Term Sheet.

13. As to the allegations contained in Paragraph 156 of the Counter-Complaint, Counter-Defendants deny that the Term Sheet provided a summary of the principle terms of a proposed indirect acquisition of SDI by Counter-Claimant, ("Proposed Transaction") and that the Term Sheet contained non-binding terms and binding items.

### Non-Binding Terms of the Term Sheet

14. As to the allegations contained in Paragraph 157 of the Counter-Complaint, Counter-Defendants deny the allegations therein.

15. As to the allegations contained in Paragraph 158 of the Counter-Complaint, Counter-Defendants admit to the content of the quoted language of the Term Sheet, but deny the remaining allegations.

### Binding Terms of the Term Sheet

16. As to the allegations contained in Paragraph 159 of the Counter-Complaint, Counter-Defendants admit the Term Sheet contained specific terms as quoted, and deny the legal effect, and remaining allegations.

17. As to the allegations contained in Paragraph 160 of the Counter-Complaint, Counter-Defendants admit the terms of which are ambiguous.

18. As to the allegations contained in Paragraph 161 of the Counter-Complaints, Counter-Defendants deny all allegations contained in Paragraph 161.

### The Escrow Agreement

19. As to the allegations contained in Paragraph 162 of the Counter-Complaint, Counter-Defendants deny all allegations contained in Paragraph 162.

4

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

20. As to the allegations contained in Paragraph 163 of the Counter-Complaint, Counter-Defendants admit that on January 9, 2023, Wicker sent a draft escrow agreement ("Escrow Agreement") to Milosevic.

21. As to the allegations contained in Paragraph 164 of the Counter-Complaint, Counter-Defendants deny all allegations contained in Paragraph 164.

22. As to the allegations contained in Paragraph 165 of the Counter-Complaint, Counter-Defendants deny all allegations contained in Paragraph 165.

23. As to the allegations contained in Paragraph 166 of the Counter-Complaint, Counter-Defendants deny all allegations contained in Paragraph 166.

24. As to the allegations contained in Paragraph 167 of the Counter-Complaint, Counter-Defendants deny all allegation contained in Paragraph 167.

25. As to the allegations contained in Paragraph 168 of the Counter-Complaint, Counter-Defendants deny all allegations contained in Paragraph 168.

26. As to the allegations contained in Paragraph 169 of the Counter-Complaint, Counter-Defendants deny all allegation contained in Paragraph 169.

## SDI Terminates Negotiations Regarding the Proposed Transaction

27. As to the allegations contained in Paragraph 170 of the Counter-Complaint, Counter-Defendants admit on March 24, 2023, Counter-Claimant's counsel sent an email to Wicker and SDI's counsel.

28. As to the allegations contained in Paragraph 171 of the Counter-Complaint, Counter-Defendants admit all allegations therein.

30. As to the allegations contained in Paragraph 173 of the Counter-Complaint, Counter-Defendants deny all allegations in Paragraph 173.

31. As to the allegations contained in Paragraph 174 of the Counter-Complaint, Counter-Defendants deny all of the allegations therein.

32. As to the allegations contained in Paragraph 175 of the Counter-Complaint, Counter-Defendants deny all the allegations therein.

33. As to the allegations contained in Paragraph 176 of the Counter-Complaint, Counter-Defendants deny all the allegations therein.

**SDI Summarily Files Suit and Breaches Its Confidentiality Obligations Under the Term Sheet**

34. As to the allegations contained in Paragraph 177 of the Counter-Complaint, Counter-Defendants deny all the allegations therein.

35. As to the allegations contained in Paragraph 178 of the Counter-Complaint, Counter-Defendants deny all the allegations therein.

36. As to the allegations contained in Paragraph 179 of the Counter-Complaint, Counter-Defendants admit all the allegations therein.

37. As to the allegations contained in Paragraph 180 of the Counter- Complaint, Counter-Defendants deny all the allegations therein.

38. As to the allegations contained in Paragraph 181 of the Counter-Complaint, Counter-Defendants admits SDI has not returned any portion of the Deposit that was willfully provided by Counter-Claimant's CEO, Felix Huettenbach.

**FIRST COUNTERCLAIM FOR BEACH OF CONTRACT – TERM SHEET**

(by Fundamentum against SDI and Mohiuddin)

39. As to Paragraph 181 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 181 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1 through 181, respectively, in response to Paragraph 181.

40. As to the allegations contained in Paragraph 183 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 183.

41. As to the allegations contained in Paragraph 184 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 184.

42. As to the allegations contained in Paragraph 185 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 185.

43. As to the allegations contained in Paragraph 186 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 186.

44. As to the allegations contained in Paragraph 187 of the Counter-Complaint, Counter Defendants deny the allegations contained in Paragraph 187.

45. As to the allegations contained in Paragraph 188 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 188.

46. As to the allegations contained in Paragraph 189 of the Counter-Complaint, Counter-Defendants admit that on or about February 2, 2023, SDI received and kept $2,782,0000.00 of the Deposit and denies this is a material breach of the Term Sheet.

47. As to the allegations contained in Paragraph 190 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 190.

48. As to the allegations contained in Paragraph 191 of the Counter Complaint, Counter-Defendants deny the allegations contained in Paragraph 191.

## SECOND COUNTERCLAIM FOR BREACH OF CONTRACT – ESCROW AGREEMENT

(by Fundamentum against SDI, Wicker, and Manhattan Biz)

49. As to Paragraph 191 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 191 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1 through 191, respectively, in response to Paragraph 191.

50. As to the allegations contained in Paragraph 193 of the Counter-Complaint, Counter-Defendants admit the Escrow Agreement executed on January 9, 2023, is a valid, written contract between Counter-Claimant, SDI, Wicker and Manhattan Biz.

51. As to the allegations contained in Paragraph 194 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 194.

52. As to the allegations contained in Paragraph 195 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 195.

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

53. As to the allegations contained in Paragraph 196 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 196.

54. As to the allegations contained in Paragraph 197 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 197.

55. As to the allegations contained in Paragraph 198 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 198.

## THIRD COUNTERCLAIM FOR PROMISSARY ESTOPPEL

(by Fundamentum against all Counter-Defendants)

56. As to Paragraph 198 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 198 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1 through 198, respectively, in response to Paragraph 198.

57. As to the allegations contained in Paragraph 200 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 200.

58. As to the allegations contained in Paragraph 201 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 201.

59. As to the allegations contained in Paragraph 202 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 202.

60. As to the allegations contained in Paragraph 203 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 203.

61. As to the allegations contained in Paragraph 204 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 204.

62. As to the allegations contained in Paragraph 205 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 205.

63. As to the allegations contained in Paragraph 206 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 206.

///

///

8

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

## FOURTH COUNTERCLAIM FOR CONVERSION

(by Fundamentum against all Counter-Defendants)

64. As to Paragraph 206 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 206 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1 through 206, respectively, in response to Paragraph 206.

65. As to the allegations contained in Paragraph 208 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 208.

66. As to the allegations contained in Paragraph 209 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 209.

67. As to the allegations contained in Paragraph 210 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 210.

68. As to the allegations contained in Paragraph 211 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 211.

69. As to the allegations contained in Paragraph 212 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 212

70. As to the allegations contained in Paragraph 213 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 213.

71. As to the allegations contained in Paragraph 214 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 214.

72. As to the allegations contained in Paragraph 215 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 215.

73. As to the allegations contained in Paragraph 216 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 216.

74. As to the allegations contained in Paragraph 217 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 217.

75. As to the allegations contained in Paragraph 218 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 218.

## FIFTH COUNTER CLAIM FOR MONEY HAD AND RECEIVED

(by Fundamentum against all Counter-Defendants)

76. As to Paragraph 218 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 218 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1 through 218, respectively, in response to Paragraph 218.

77. As to the allegations contained in Paragraph 220 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 220.

78. As to the allegations contained in Paragraph 221 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 221.

79. As to the allegations contained in Paragraph 222 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 222.

## SIXTH COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTY

(by Fundamentum against Wicker)

80. As to Paragraph 222 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 222 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1 through 222, respectively, in response to Paragraph 222.

81. As to the allegations contained in Paragraph 224 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 224.

82. As to the allegations contained in Paragraph 225 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 225.

83. As to the allegations contained in Paragraph 226 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 226.

84. As to the allegations contained in Paragraph 227 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 227.

85. As to the allegations contained in Paragraph 228 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 228.

10

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

## SEVENTH COUNTERCLAIM FOR AIDING AND ABETTING BREACH OF FIDICUIARY DUTY

(by Fundamentum against SDI, Mohiuddin, and Manhattan Biz)

86. As to Paragraph 228 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 228 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answer to Paragraphs 1 through 228, respectively, in response to Paragraph 228.

87. As to the allegations contained in Paragraph 230 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 230.

88. As to the allegations contained in Paragraph 231 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 231.

89. As to the allegations contained in Paragraph 232 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 232.

90. As to the allegations contained in Paragraph 233 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 233.

91. As to the allegations contained in Paragraph 234 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 234.

92. As to the allegations contained in Paragraph 235 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 235.

## EIGHT CLAIM FOR PROFESSIONAL NEGLIGENCE

(by Fundamentum against Wicker and Manhattan Biz)

93. As to Paragraph 235 of the Counter-Complaint does not contain any substantive allegations and purports to allege and incorporate Paragraphs 1 through 235 of the Counter-Complaint, Counter-Defendants hereby incorporate by reference their answer to Paragraphs 1 through 235, respectively, in response to Paragraph 235.

94. As to the allegations contained in Paragraph 237 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 237.

95. As to the allegations contained in Paragraph 238 of the Counter-Complaint, Counter-

Defendants deny the allegations contained in Paragraph 238.

96. As to the allegations contained in Paragraph 239 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 239.

97. As to the allegations contained in Paragraph 240 of the Counter-Complaint, Counter-Defendants deny the allegations contained in Paragraph 240.

## PRAYER

98. Answering the Prayer of Counter-Complainants, Counter-Defendants deny that Counter-Complainant is entitled to any relief sought in its Prayer.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Ambiguity)

99. The Counter-Defendants assert that the contracted terms alleged by Counter-Claimant are ambiguous and that Counter-Claimant is incorrect regarding the purportedly binding terms of the Term Sheet regarding condition of payment from Escrow. The actual terms are that payment was required from Escrow to Counter-Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

100. The Counter-Defendants assert that the Counter-Claimant has failed to take reasonable steps to reduce or minimize the damages experienced.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

101. The Counter-Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(Anticipatory Repudiation)

102. The Counter-Defendants assert that the Counter-Complainant, or Counter-Complainant's agent, repudiated both the alleged contracts, before performance of

contract before performance by Counter-Defendants was due and therefore no further payment or performance was required by the Counter-Defendants.

## FIFTH AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

103. The Counter-Defendants assert that the Counter-Complainant failed to state sufficient facts to constitute a cause of action against the Counter-Defendants, specifically including the failure to identify facts which, if proven, would support a finding of alter ego against each Counter-Defendant.

## SIXTH AFFIRMATIVE DEFENSE
(Illegal Conduct)

104. The Counter-Defendants are informed and believe and thereon allege that Counter-Claimant, or its agent(s) working with authority granted by Counter-Claimant at and during the times alleged, was engaged in illegal conduct and that the injuries received, if any, were proximately caused by such illegal conduct and, as such Counter-Defendants owe no duty of care to Counter-Claimant.

## SEVENTH AFFIRMATIVE DEFENSE
(Fraud, Deceit or Misrepresentation)

105. The Counter-Defendants assert that the Counter-Claimant or Counter-Claimant's agent, obtained the Counter-Defendants' consent to the contract or transaction through fraud, deceit, or misrepresentation by the Counter-Claimant or Counter-Claimant's agent, and that as a result the contract is invalid. The specified facts in support of this defense are alleged in Counter-Defendants Second Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
(Readily Ascertainable)

106. The Counter-Claimants claims are barred, in whole or in part, because the material in question is readily ascertainable by proper means.

///

///

13

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

## NINTH AFFIRMATIVE DEFENSE

(No Independent Economic Value)

107. The Counter-Claimants claims are barred, in whole or in part, the material in question has no independent economic value.

## TENTH AFFIRMATIVE DEFENSE

(Public Information)

108. The Counter-Claimants claims are barred, in whole or in part, because the material in question is publicly available.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Reasonable Means Used)

109. The Counter-Claimant's claims are barred, in whole or in part, because Counter-Claimant failed to maintain secrecy of the materials in question, which are therefore not entitled to trade secret (or similar proprietary information) protections.

## TWELTH AFFIRMATIVE DEFENSE

(Estoppel)

110. Counter-Claimant has engaged in conduct and activities sufficient to estop Counter-Claimant's claims assert in the Counter-Complaint against Counter-Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

110. The Counter-Complaint is barred on the grounds that Counter-Claimant has engaged in conduct and activities sufficient to constitute a waiver of any alleged claims against Counter-Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

111. The Counter-Complaint is barred on the grounds that Counter-Claimant consented and agreed to the acts and omissions alleged in the Counter-Complaint to have resulted in its purported damages.

COUNTER-DEFENDANTS SDI LABS, INC., AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH, INC.'S COUNTERCLAIM

## FIFTHEENTH AFFIRMATIVE DEFENSE

(Offset)

112. Any purported damages allegedly caused by Counter-Defendants are subject to offset either partially or in full because of damages caused by Counter-Claimant or amount owed by Counter-Claimant to Counter-Defendants.

## SIXTHTEENTH AFFIRMATIVE DEFENSE

(Ratification)

113. Counter-Claimant acknowledged, ratified, consented to, or acquiesced in the alleged acts or omissions of Counter-Defendants, thus barring Counter-Claimants recovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

114. Counter-Defendants assert that they are the rightful owner of the property abandoned by the Counter-Claimants and as such, Counter-Claimant forfeited the legal ownership of the property.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Cal. Corporations Code section 317)

115. Counter-Defendant MOHIUDDIN asserts that he is protected from liability for the claims raised by Counter-Claimaint in that he acted within the course and scope of his duties and responsibilities with Counter-Defendant SDI and that he exercised the reasonable judgment of a businessperson in performing the acts complained of by Counter-Claimants.

//
///
///
///
//
///

## JURY DEMAND

Counter-Defendants hereby demand a jury trial on all issues in the Counter-Complaint so triable.

Date: March 12, 2024

**MCMAHON LYNCH LAW FIRM, INC.**

_____
Robert J. Lynch
Attorneys for Plaintiff and Counter-Defendants,
SDI LABS, INC and OZMAN MOIUDDIN

# PROOF OF SERVICE

### SDI LABS, Inc.  v.  SAMEDAY TECHNOLOGIES, INC
### U.S. District Court Case No.2:23−cv−05619−MWF(MRWx)

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF RIVERSIDE** )

I am employed in the County of Riverside, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1250 Corona Pointe Court, Suite 407, Corona, California 92879. On March 12, 2024, I served the following documents described as: **COUNTER-DEFENDANTS, SDI LABS, INC. AND OZMAN MOHIUDDIN'S ANSWER TO COUNTER-CLAIMANT FUNDAMENTUM HEALTH'S INC.'S COUNTERCLAIM** on the interested parties in this action by electronic service, via e-mail from Outlook 365, to e-mail addresses that I know to be associated with each counsel after having received communications from them at said addresses:

**SHEPPARD MULLIN, RICHTER & HAMPTON, LLP**
Juthamas J. Suwatanapongched, Esq.
Taryn Q. McPherson, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071-1422
jsuwatanapongched@sheppardmullin.com
tmcpherson@sheppardmullin.com

Danielle Vrabie, Esq.*(Pro hac vice application to be filed)*
30 Rockefeller Plaza
New York, New York 10112-0015
dvrabie@shepaprmullin.com

**TIEDT & HURD**

John E. Tiedt, Esq.
Marc S. Hurd, Esq.
1250 Corona Pointe Court, Suite 402
Corona, CA 92879
jtiedt@tiedtlaw.com
mhurd@tiedtlaw.com
jhusk@tiedtlaw.com

I declare that I am a member of the Bar of this Court. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 12, 2024, Corona, California.

_____
Robert J. Lynch