David S. Harris (Bar No. 255557)
david@hawxhurstllp.com
HARRIS LITIGATION PC
6442 Platt Avenue #683
West Hills, California 91307
Telephone: (747) 444-0780

Attorneys for Counter-Defendant
International Business Investment, Inc.
dba Manhattan Biz

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

SDI LABS, INC., a California Corporation,

Plaintiff,

v.

SAMEDAY TECHNOLOGIES, INC., a Delaware Corporation dba SAME DAY HEALTH, PRAESIDIUM DIAGNOSTICS LLC, dba SAME DAY HEALTH AND SAME DAY TESTING, FUNDEMTEUM HEALTH, INC., a Delaware Corporation, QUICKMED dba QUICK MEDDX, FELIX HUETTENBACH, a individual, and DOES 1 through 50, inclusive,

Defendants.

AND RELATED ACTIONS

Case No. 2:23-cv-05619-MRA

**COUNTER-DEFENDANT MANHATTAN BIZ'S NOTICE OF MOTION AND MOTION TO DISMISS FUNDAMENTUM'S COUNTERCLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 13(h)**

[Memorandum of Points and Authorities, Declaration of Sasa Milosevic, Declaration of David S. Harris, and [Proposed] Order filed concurrently herewith]

Date: May 30, 2024
Time: 1:30 p.m.
Judge: Hon. Mónica Ramírez Almadani

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 30, 2024, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Mónica Ramírez Almadani in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, Counter-Defendant International Business Investment, Inc. dba Manhattan Biz ("Manhattan Biz") will and hereby does move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 13(h), for an order dismissing Counter-Claimant Fundamentum Health, Inc.'s counterclaims against Manhattan Biz, including its claims for (1) breach of contract (as to the "orally modified" Escrow Agreement); (2) promissory estoppel; (3) conversion; (4) violation of California Penal Code § 496; (5) money had and received; (6) aiding and abetting breach of fiduciary duty; and (7) professional negligence.

Good cause exists to grant this motion for the following reasons:

1. The breach of contract claim fails as a matter of law because the Escrow Agreement was not and could not be orally modified in the manner alleged. Contrary to the timeline set forth in the counterclaims, the Escrow Agreement was not executed before the telephone call that supposedly resulted in an oral modification of the agreement; rather, the Escrow Agreement was executed *after* that call took place and includes a standard integration clause (which renders the parties' pre-signing discussions a nullity). Moreover, even if the Escrow Agreement had been signed before the call, the oral modification was not effective because, by Fundamentum's own admission, it was never fully executed by the parties. *See Davidson v. Conocophillips Co.*, 2009 WL 2136535, at *3 (N.D. Cal. July 10, 2009) (holding it is "well settled" that an oral modification must be fully performed by both sides to be effective under California Civil Code § 1698(b)).

2. The promissory estoppel claim fails as a matter of law because such a claim cannot be alleged when it is undisputed that a valid contract exists that covers

HARRIS LITIGATION PC
6442 PLATT AVENUE #683
WEST HILLS, CALIFORNIA 91307
(747) 444-0780

the subject matter of the alleged promise. *KST Data, Inc. v. Northrop Brumman Sys. Corp.*, 2017 WL 10519638, at *4 (C.D. Cal. Nov. 16, 2017). Here, it is undisputed that the subject of the escrow account is covered by the Escrow Agreement (whether orally modified or not). As such, under the relevant case law, Fundamentum cannot bring a promissory estoppel claim to enforce Manhattan Biz's alleged oral promises regarding the escrow account.

3. The conversion claim fails as a matter of law because "[a] plaintiff may not ordinarily recover for the tort of conversion 'for the breach of duties that merely restate contractual obligations.'" *Nguyen v. Stephens Institute*, 529 F. Supp. 3d 1047, 1058 (N.D. Cal. 2021). Here, Fundamentum's assertion that Manhattan Biz converted its property is based entirely upon the claim that it received and did not return a portion of the escrow deposit *in contravention of the Escrow Agreement*. This is a contract claim and cannot be pleaded as a tort.

4. The claim for violation of California Penal Code § 496 fails as a matter of law because it depends on the escrow deposit having been converted. Since Fundamentum cannot claim that Manhattan Biz or any of the counter-defendants (all of whom were parties to the Escrow Agreement) converted property, it also cannot claim that any of them *received* converted property.

5. The money had and received claim fails as a matter of law because—as with promissory estoppel and conversion—a plaintiff cannot turn a standard breach of contract claim into a claim for money had and received. *See Block Scientific, Inc. v. True Diagnostics, Inc.*, 2023 WL 27348, at *5 (S.D. Cal. Jan. 3, 2023) (explaining that a "cause of action for money had and received fails [when] there is an express written contract governing the relationship between the parties.").

6. The aiding and abetting claim fails as a matter of law because it depends entirely upon the counter-defendants being aware of and intentionally violating the oral modification of the Escrow Agreement. As discussed above, there was not and could not be any such oral modification.

HARRIS LITIGATION PC
6442 PLATT AVENUE #683
WEST HILLS, CALIFORNIA 91307
(747) 444-0780

7. The claim for professional negligence fails as a matter of law because—like the aiding and abetting claim—it is premised on the existence of an oral modification to the Escrow Agreement. Again, there was no such modification. This claim also fails because it has only been alleged against Shelton Edward Wicker and Manhattan Biz, neither of which were existing parties at the time the counterclaims were filed. *See Hawkins v. Berkeley Unified Sch. Dist.*, 250 F.R.D. 459, 462 (N.D. Cal. 2008) ("A [Federal] Rule [of Civil Procedure] 13(h) counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action but must involve at least one existing party" (quotations omitted)).

Moreover, because Fundamentum cannot allege facts "consistent with the challenged pleading" that would cure the deficiencies outlined above, Manhattan Biz respectfully moves the Court to enter an order dismissing each of the counterclaims with prejudice. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which included a video conference on March 27, 2024, a video conference on April 9, 2024, and numerous emails before, between, and after the conferences. (*See* Harris Decl. ¶¶ 2-7.)

This Motion is based on the Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, Declaration of Sasa Milosevic, and Declaration of David S. Harris, as well as all pleadings and other matters already before the Court in this action, and such further argument and evidence as may be presented at or before any hearing on this Motion. A proposed order is respectfully submitted herewith.

/ / /

/ / /

/ / /

HARRIS LITIGATION PC
6442 PLATT AVENUE #683
WEST HILLS, CALIFORNIA 91307
(747) 444-0780

DATED: April 24, 2024

HARRIS LITIGATION PC

By *_/s/ David S. Harris_*
David S. Harris

Attorneys for Counter-Defendant International Business Investment, Inc. dba Manhattan Biz

HARRIS LITIGATION PC
6442 PLATT AVENUE #683
WEST HILLS, CALIFORNIA 91307
(747) 444-0780