UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-05619-MRA-MRW | Date | March 24, 2025 |
| Title | SDI Labs, Inc. v. Sameday Technologies, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING IN SUBSTANTIAL PART AND GRANTING IN MINOR PART COUNTER-DEFENDANT MANHATTAN BIZ'S MOTION TO DISMISS [ECF 58]**

Before the Court is Counter-Defendant Manhattan Biz's Motion to Dismiss Defendant-Counterclaimant's counterclaims. ECF 58. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** in substantial part and **GRANTS** in minor part the Motion.

## I. BACKGROUND

### A. Factual Allegations[1]

Plaintiff SDI Labs, Inc. ("SDI") is a California corporation that operates a medical laboratory. ECF 34 (Second Amended Complaint) ¶ 5. Defendant Sameday Technologies, Inc. is a Covid-19 testing company and a subsidiary of and/or successor corporation to Defendant Praesidium Diagnostics, LLC. *Id.* ¶¶ 1, 13. Defendant Quickmed Diagnostics, Inc. operates multiple health clinics nationwide. *Id.* ¶ 2. Defendant Felix Huettenbach ("Huettenbach") is the Chief Executive Officer (CEO), founder, and majority shareholder of Sameday, QuickMed, and Defendant-Counterclaimant Fundamentum Health, Inc. ("Fundamentum"), also a California

[1] This Order presents the relevant factual allegations as stated in the operative Counter-Complaint and refers or cites to the Second Amended Complaint only as necessary for background. ECF 36-1; ECF 34. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

corporation. *Id.* ¶¶ 3-4.

On November 30, 2022, Fundamentum, SDI, and SDI's founder and CEO Ozman Mohiuddin ("Mohiuddin") executed a term sheet for Fundamentum's proposed acquisition of SDI (the "Term Sheet").[2] ECF 36-1 (Answer and Counterclaims) ¶¶ 146, 155-56. The closing of the proposed transaction was conditioned on the parties executing one or more mutually agreed-to definitive agreements and obtaining certain third-party approvals as defined in the Term Sheet. *Id.* ¶ 157. [redacted]

The Term Sheet also required [redacted] *Id.* ¶ 159. [redacted]

[redacted]

[2] [redacted]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-CV-05619-MRA-MRW | Date | March 24, 2025 |
|---|---|---|---|
| Title | SDI Labs, Inc. v. Sameday Technologies, Inc., et al. | | |

[redacted]

*Id.* Pursuant to these terms and [redacted] *Id.* ¶ 161. Based on the Term Sheet, [redacted] *Id.* After executing the Term Sheet, the parties engaged in diligence and further negotiations regarding the proposed transaction. *Id.* ¶ 162.

On January 9, 2023, Wicker sent a draft escrow agreement ("Escrow Agreement") to Manhattan Biz CEO Sasa Milosevic ("Milosevic"). *Id.* ¶¶ 147, 163. Manhattan Biz was the broker for the proposed transaction, and Milosevic, Manhattan Biz's CEO, Chief Financial Officer (CFO), and sole director, acted as Manhattan Biz's agent. *Id.* ¶ 147. The Escrow Agreement included instructions for distribution—that is, what amounts were payable to which party—but did not specify when the funds could be released. *Id.* ¶ 166. That same day, Milosevic informed the parties that from his perspective the proposed transaction had to close by January 10, 2023. *Id.* ¶ 164. To effectuate the closing, Milosevic urged Huettenbach to sign both the Escrow Agreement and a proposed bill of sale. *Id.* Pursuant to an alleged oral agreement, he also urged Huettenbach to deposit additional funds for SDI's operating expenses by the next day. *Id.* Huettenbach, on behalf of Fundamentum, signed the Escrow Agreement on January 9, as did Mohiuddin for SDI, and Milosevic for Manhattan Biz. *Id.* ¶ 165. Although not specifically alleged by Fundamentum, the Escrow Agreement, attached to SDI's Second Amended Complaint, shows that the parties signed the Escrow Agreement electronically via DocuSign.[3] ECF 34 at 56.

The next day (January 10, 2023), Fundamentum contacted Wicker to halt the release of the funds, because (1) Huettenbach had signed the Escrow Agreement under pressure and without first consulting Fundamentum and its counsel, and (2) the Escrow Agreement did not unambiguously reflect the conditions set forth in the Term Sheet, [redacted] ECF 36-1 ¶ 167. That same day, Wicker, Milosevic, Huettenbach, Mohiuddin, Fundamentum's in-house counsel, and Same Day's CFO discussed the Escrow Agreement over a phone call. *Id.* ¶ 168. Fundamentum and SDI agreed that [redacted] *Id.* Based on this oral modification of the Escrow Agreement, Fundamentum

[3] As discussed below, the Court incorporates by reference into the Counter-Complaint the Escrow Agreement attached to SDI's Second Amended Complaint and the related DocuSign Certificate submitted by Manhattan Biz in support of its Motion to Dismiss.

agreed to [redacted] *Id.* Wicker asked the parties to [redacted] *Id.* But Wicker never updated the escrow instructions to reflect the parties' oral agreement. *Id.* ¶ 169.

On February 2, 2023, prior to any agreement being signed, and the proposed transaction not yet having closed, and without Fundamentum's knowledge, consent, or authorization, [redacted] *Id.* Fundamentum alleges that SDI and Manhattan Biz accepted and retained these funds in contravention of the Escrow Agreement, as modified, [redacted] *Id.* ¶ 174.

On March 24, 2023, Fundamentum's counsel emailed Wicker and SDI's counsel, reminding them that the Deposit had to remain in the Deposit Escrow until the proposed transaction was closed [redacted] *Id.* ¶ 170. The parties' negotiations halted on or about April 13, 2023, when SDI did not respond to or accept Fundamentum's revised offer to acquire SDI. *Id.* ¶ 171. The proposed transaction and the non-binding terms of the Term Sheet were never reduced to any definitive agreement and the transaction never closed. *Id.* ¶ 172.

On or about April 17, 2023, Fundamentum's counsel informed Wicker of the termination of the proposed transaction and sought the return of its Deposit [redacted] *Id.* ¶ 174. [redacted] *Id.* ¶ 173.

On or about May 5, 2023, Fundamentum's counsel learned of Wicker's prior unauthorized disbursements to SDI and Manhattan Biz. *Id.* ¶ 174. Fundamentum demanded that SDI return all portions of the Deposit. *Id.* ¶ 175. To date, SDI has not returned any portion of the Deposit. *Id.* ¶ 181.

### B. Procedural History

On May 22, 2023, SDI filed this case against Huettenbach, Fundamentum, and affiliated companies Sameday, Praesidium Diagnostics LLC, and Quickmed, as well as Does 1 through 50 in Los Angeles County Superior Court. ECF 1 at 2. SDI brings claims for (1) fraud based on suppression of fact (Cal. Civ. Code § 1710(3)); (2) negligent misrepresentation of facts (Cal. Civ. Code § 1710(2)); (3) fraud based on false promise (Cal. Civ. Code § 1710); (4) misappropriation of trade secrets (in violation of the California Uniform Trade Secrets Act and the Federal Defend Trade Secrets Act); (5) common law misappropriation of trade secrets; (6) negligent interference

with economic relationship; (7) intentional interference with economic relationship; (8) breach of non-disclosure agreement; and (9) promissory estoppel. ECF 1-1. On July 12, 2023, Defendants removed the matter to federal court. ECF 1. On February 6, 2024, SDI filed its operative Second Amended Complaint. ECF 34.

On February 20, 2024, Defendants Fundamentum, Sameday, and Quickmed filed their Answer, and Fundamentum filed its Counter-Complaint against SDI, Mohiuddin, International Business Investment, Inc. d/b/a/ Manhattan Biz, Wicker, and Roes 1-10 (collectively, "Counter-Defendants"). ECF 36-1. Fundamentum brings counterclaims for: (1) breach of contract – Term Sheet against SDI and Mohiuddin; (2) breach of contract – Escrow Agreement against SDI, Wicker, and Manhattan Biz; (3) promissory estoppel against all Counter-Defendants; (4) conversion against all Counter-Defendants; (5) violation of California Penal Code § 496 against all Counter-Defendants; (6) money had and received against all Counter-Defendants; (7) breach of fiduciary duty against Wicker; (8) aiding and abetting breach of fiduciary duty against SDI, Mohiuddin, and Manhattan Biz; and (9) professional negligence against Wicker and Manhattan Biz. *Id.*

On April 24, 2024, Counter-Defendant Manhattan Biz filed the instant Motion to Dismiss Fundamentum's counterclaims against it. ECF 58. Fundamentum opposes the Motion to Dismiss. ECF 65-1. Due to case reassignment and the Court's caseload and congestion, the Motion remained pending for several months while the case has proceeded through discovery. The final pretrial conference is on April 24, 2025, at which time a trial date will be set. ECF 69.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted[.]" "On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

As an initial matter, Manhattan Biz contends that both the Escrow Agreement and the DocuSign Certificate of Completion should be incorporated by reference into Fundamentum's Counter-Complaint—"and once *either* of these documents is considered, all of Fundamentum's counterclaims fail as a matter of law." ECF 58-1 at 10. For the following reasons, the Court incorporates both the Escrow Agreement and the DocuSign Certificate. However, as further explained below, the Court finds that Fundamentum has pleaded sufficient facts to support its contested counterclaims against Manhattan Biz and survive dismissal.[4]

### A. Incorporation by Reference

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" under Rule 12(b)(6), unless the extrinsic material is incorporated into the complaint by reference or subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). As relevant here, "[i]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Although neither the Escrow Agreement nor the DocuSign Certificate is attached to Fundamentum's Counter-Complaint, Fundamentum does not dispute that the Escrow Agreement is central to its breach-of-contract and related counterclaims and should be incorporated. *See* 65-1 at 12-13 (explaining that Fundamentum did not attach the Escrow Agreement to its Counter-Complaint because SDI had attached it to its Complaint); *see also United States v. Corinthian*

[4] Fundamentum did not oppose Manhattan Biz's arguments for dismissal of Fundamentum's money had and received claim (claim 6). ECF 68 at 11. Thus, any argument in opposition is now waived. *See Pers. Elec. Transps., Inc. v. Off. of U.S. Treasury*, 313 F. App'x 51, 52 (9th Cir. 2009) (affirming district court ruling that a party waived an argument by failing to raise it in opposition to a motion to dismiss); *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000) (finding party waived argument not raised in opposition to dispositive motion). The Motion to Dismiss is therefore **GRANTED** as to this claim against Manhattan Biz only. Leave to amend is not warranted because Fundamentum did not make any arguments concerning the plausibility of the claim or the need to amend the claim.

*Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (explaining that a court may consider evidence not attached to a complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."). Thus, the Court incorporates the Escrow Agreement into the Counter-Complaint.

Fundamentum argues that the DocuSign Certificate, which Manhattan Biz avers is part of the Escrow Agreement, should not be incorporated by reference. However, Fundamentum does not seriously dispute the authenticity of the Certificate. *See* ECF 64-2 at 13; 58-2 at 6 (noting only that Felix Huettenbach is no longer with the company and *suggesting* but not arguing that the Certificate cannot be authenticated without him). It argues that "the introduction of the Certificate, at most, only demonstrates that there are factual disputes regarding when the Escrow Agreement took effect." ECF 65-1 at 14. But the incorporation-by-reference doctrine is intended to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006)). Thus, the Certificate is properly incorporated.

Nevertheless, the Court "does not assume the truth of any facts stated in [the DocuSign Certificate] to the extent they serve to dispute well-pleaded facts in the [] [counter-]complaint." *In re Lucid Grp., Inc. Sec. Litig.*, No. 22-cv-02094-AMO, 2024 WL 3745605, at *5 (N.D. Cal. Aug. 8, 2024) (citing *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.")). This is "consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016)). As explained below, even with the incorporation of the Certificate, the Court finds that Fundamentum has pleaded sufficient facts to support its claims against Manhattan Biz.

### B. Breach of Contract

Manhattan Biz argues that Fundamentum's breach-of-contract claim should be dismissed because the DocuSign Certificate shows that Fundamentum signed the Escrow Agreement on January 25, 2023, *after* the alleged oral modification to the Escrow Agreement, thereby showing that any modification to the Escrow Agreement would have been memorialized in the written agreement itself.

To state a claim for breach of contract, a plaintiff must plead "the contract, plaintiffs' performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." *Gautier v. Gen. Tel.*, 234 Cal. App. 2d 302, 305 (1965). Under California law,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-05619-MRA-MRW | Date | March 24, 2025 |
| Title | SDI Labs, Inc. v. Sameday Technologies, Inc., et al. | | |

"[r]esolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous." *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000) (citations omitted). In other words, "[c]ourts may dismiss breach of contract claims when the agreement is not reasonably susceptible to any meaning that could support the plaintiff's legal theories." *Anthony v. Yahoo Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D. Cal. 2006) (citing *Martinez v. Socoma Cos., Inc.*, 11 Cal. 3d 394, 397 (1974)); *see also Fine v. Kansas City Life Ins. Co.*, 627 F. Supp. 3d 1153, 1157 (C.D. Cal. 2022) ("[W]here a contract is ambiguous, the motion to dismiss must be denied") (citing *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1084 (N.D. Cal. 2012); *Consult Ltd. v. Solide Enters., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986)). "A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable." *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003).

The Court finds that Fundamentum has stated a breach-of-contract claim that is plausible on its face, even considering the DocuSign Certificate and its signature date. Fundamentum alleges that the parties recognized [redacted] ECF 36-1 ¶ 168. The Escrow Agreement itself states that "[a]ll parties have been afforded adequate time and opportunity to read and understand these escrow instructions and all other documents referred to herein," ECF 34 at 55, [redacted] Thus, Fundamentum plausibly alleges that the distribution and acceptance of escrow funds by SDI and Manhattan Biz [redacted] was a breach of the Escrow Agreement. At the pleading stage, given the ambiguity surrounding the Escrow Agreement, Fundamentum's allegations are sufficient to support a cognizable breach-of-contract claim.

Fundamentum argues in the alternative that the January 10 phone call and email could also be defined as a collateral agreement, the terms of which were breached by the early distribution of the escrow funds. ECF 65-1 at 15. A collateral agreement is valid only where it does not conflict with the agreement's terms. *Whittier v. Home Savings Bank*, 161 Cal. 311, 317 (1911); *Oberding v. Travel Plan, Inc.*, 218 Cal. App. 2d 796, 798 (1963). Manhattan Biz contends that a collateral agreement changing the timeline of the release of escrow funds conflicts with the terms of the Escrow Agreement, "which . . . authorize[d] an immediate disbursement of funds." ECF 68 at 9. But as discussed above, the Escrow Agreement's terms regarding the timing of distribution of escrow funds—including whether it authorized immediate distribution [redacted]—are ambiguous, and therefore this alternative legal theory is also plausible. *See Johnson,* 534 F.3d at 1121.

The Motion to Dismiss is **DENIED** as to this claim.

### C. Promissory Estoppel and Conversion

Fundamentum alleges two alternative tort theories against Manhattan Biz: promissory estoppel and conversion. Each of these claims is sufficiently pleaded to survive a Rule 12(b)(6) motion.

Fundamentum's breach-of-contract claim does not preclude its promissory estoppel claim because, as explained above, the terms of the Escrow Agreement are in dispute. "The Federal Rules of Civil Procedure and the applicable case law uniformly permit promissory estoppel and breach of contract claims to be pleaded in the alternative where there may be a dispute about the terms or validity of the alleged contract." *Rowland v. JPMorgan Chase Bank, N.A.*, No. C 14-00036 LB, 2014 WL 992005, at *7 (N.D. Cal. Mar. 12, 2014) (citing Fed. R. Civ. P. 8(d)(2)-(3)). Thus, this claim survives.

Fundamentum's conversion claim is also properly pleaded in the alternative to the breach-of-contract claim. "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages[.]" *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) (internal quotation marks omitted). "An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Erlich v. Menezes*, 21 Cal.4th 543, 551 (1999). Because the terms of the Escrow Agreement are ambiguous and in dispute, it is possible that Manhattan Biz was not contractually obligated to return the escrow funds. Fundamentum is not foreclosed from arguing, then, that Manhattan Biz was still aware that Fundamentum had not authorized the funds' distribution, yet still wrongfully accepted the funds. *See Com. Point Cap., Inc. v. First Data Corp.*, No. 19-cv-556-W (LL), 2019 WL 7020057, at *6 (S.D. Cal. Dec. 20, 2019)) (reasoning that, because it was possible both that a contract required the closing of accounts, or, alternatively, that defendant retained "an independent legal duty not to retain ownership of money it knew resulted from closed accounts[,] a plausible claim for conversion remains in the alternative to the breach of contract claim").

Thus, the Motion is **DENIED** as to these claims.

### D. Receipt of Stolen Property

Manhattan Biz argues that Fundamentum's receipt of stolen property claim, through which Fundamentum seeks treble damages and attorney's fees, should be dismissed because Fundamentum cannot proceed on a receipt of stolen property claim under California Penal Code § 496(c) where the deposit was governed by the parties' Escrow Agreement. ECF 58-1 at 22.

Under California law, Section 496(a) may be violated by "(1) by . . . receiving any property that has been stolen or (2) by conceal[ing] . . . withhold[ing] or aid[ing] in concealing . . . or withholding any property from the owner." *Allure Labs, Inc. v. Markushevska*, 606 B.R. 51, 60 (N.D. Cal. 2019) (quoting Cal. Pen. Code § 496). "[T]he elements required to show a violation of section 496(a) are simply that (i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019) (citation omitted). "All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a 'violation' of subdivision (a) or (b) of section 496 is found to have occurred." *Id.* at 126, 130 (finding that treble damages may be awarded even where the parties "were in a preexisting business relationship in which the remedies at law," including fraud, conversion, or breach of contract, "have traditionally been limited"); *see also Allure Labs*, 606 B.R. at 67 (finding *Switzer* to be the controlling authority on Section 496).

Here, Fundamentum alleges that, absent any governing contract terms, Wicker and Manhattan Biz CEO Milosevic were aware that Fundamentum had not authorized distribution of the escrow funds, Wicker nevertheless distributed the funds, which Milosevic accepted and retained, thereby stealing the funds from Fundamentum. This is a plausible alternative claim to the breach-of-contract claim, because Fundamentum satisfies the three elements necessary to state a claim under Section 496: that property was obtained in a manner constituting theft, that the defendant knew the property was so obtained, and that the defendant received that property. *See Scosche Indus., Inc. v. S &T Montgomery Distrib., Inc.*, No. 2:22-cv-09030-SVW-MAA, 2024 WL 4003894, at *3 (C.D. Cal. June 5, 2024) (citing *Switzer*, 247 Cal. Rptr. 3d at 121) (finding that, because Plaintiff "simply" showed the elements articulated in *Switzer*, "taken as true, which the Court must do when evaluating a motion to dismiss," plaintiff's claim survived). Thus, for purposes of Rule 12(b)(6), this claim survives.

The Motion is **DENIED** as to this claim.

### E. Aiding and Abetting Breach of Fiduciary Duty and Professional Negligence

Manhattan Biz argues that Fundamentum's aiding and abetting breach of fiduciary duty claim should be dismissed because this claim depends entirely on the Escrow Agreement being orally modified, which it maintains is not possible. ECF 58-1 at 24. "The elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff." *Nasrawi v. Buck*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-05619-MRA-MRW | Date | March 24, 2025 |
| Title | SDI Labs, Inc. v. Sameday Technologies, Inc., et al. | | |

*Consultants LLC*, 231 Cal. App. 4th 328, 343 (2014) (citations omitted). "A fiduciary relationship can arise as a matter of contract or as a matter of law." *Universal Cas. Co. v. Godinez*, No. 2:11-cv-00934-MCE-AC, 2014 WL 950381, at *5 (E.D. Cal. Mar. 11, 2014) (citing *Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 631 (2005)).

As explained above, Fundamentum plausibly alleges that the Escrow Agreement [redacted] or that the parties formed a collateral agreement on this point. *See supra* Section III.B. Alternatively, as a licensed real estate broker, Manhattan Biz owed statutory duties to both parties, as well as the common law duty to "use such skill, prudence, and diligence as other members of [the] profession commonly possess and exercise." ECF 65-1 at 24 (citing *Han v. Mirda*, 147 Cal. App. 4th 740, 746 (2007); Cal. Bus. & Prof. Code § 10176). Under either of these theories, the factual allegations sufficiently support the inference that Manhattan Biz breached its fiduciary duties by knowingly retaining and concealing escrow funds improperly distributed by the escrow agent. *Id.* at 24-25; *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1120 (C.D. Cal. 2003) (finding that, "[g]enerally, courts have found pleadings sufficient [to satisfy the knowledge element] if they allege generally that defendants had actual knowledge of a specific primary violation") (collecting cases).

As for Fundamentum's professional negligence claim, Manhattan Biz argues that the claim fails as a matter of law because it relies on Fundamentum sufficiently pleading that the Escrow Agreement was orally modified. This argument has already been addressed and rejected. At this stage of litigation, Fundamentum has plausibly alleged that the Escrow Agreement was orally modified.

Manhattan Biz also argues that Federal Rule of Civil Procedure 13(h) precludes Fundamentum from alleging a counterclaim against Wicker and Manhattan Biz when neither is a party to SDI's operative Second Amended Complaint. ECF 58-1 at 25. "[C]ourts have interpreted [Rule 13(h)] to require that joinder of a new party be anchored to an existing counterclaim or crossclaim pleaded against an original party." *Springfield Clinic, LLP v. Primex Clinical Lab'ys, Inc.*, No. CV 21-03595-RSWL-ASx, 2022 WL 1304027, at *2 (C.D. Cal. Apr. 29, 2022); *see also Hawkins v. Berkeley Unified Sch. Dist.*, 250 F.R.D. 459, 462 (N.D. Cal. Mar. 11, 2008). While some district courts have held this to mean that even a single counterclaim asserted in a counter-complaint cannot be asserted *solely* against nonparties, even where "other counterclaims are asserted against the same nonparty and a previously named party, the Court finds no binding jurisdiction guiding it to rule the same." *Universal Entm't Corp. v. Aruze Gaming Am., Inc.*, No. 2:18-cv-00585-RFB-NJK, 2020 WL 2840153 at *15 (D. Nev. May 30, 2020) (citing *AllTech Commc'ns, LLC v. Brothers*, 601 F. Supp. 2d 1255, 1261 n.3 (N.D. Okla. 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-CV-05619-MRA-MRW | Date | March 24, 2025 |
|---|---|---|---|
| Title | SDI Labs, Inc. v. Sameday Technologies, Inc., et al. | | |

Indeed, "Rule 13(h) is intended, in part, to promote the disposition of an entire matter arising from a single nucleus of facts." *RES Exhibit Servs., LLC v. LNW Gaming, Inc.*, No. 2:21-cv-01953-APG-EJY, 2023 WL 6261057, at *9 (D. Nev. Sept. 25, 2023) (citing *In re Experian Info. Sols., Inc.*, No. CV-15-01212-PHX-GMS (Lead Case), 2017 WL 3574847, at *5 (D. Ariz. Aug. 17, 2017); *Various Mkts., Inc. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 471 (E.D. Mich. 1995)); *see also WGH Acquisitions, LLC v. Bondrock Partners, LLC*, No. 2:12-cv-01293-PMP-PAL, 2014 WL 12788999, at *3 (D. Nev. Sept. 2, 2014) ("Liberal joinder of all parties and claims in a single lawsuit [ ] promotes Rule 1's directive that the Rules 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)). Because Fundamentum's professional negligence claim against Manhattan Biz is part of the same nucleus of facts as its other counterclaims against existing parties, the Court is satisfied that this claim is properly brought against Manhattan Biz under Rule 13(h).

The Motion is **DENIED** as to these claims.

## IV. CONCLUSION

For the foregoing reasons, Manhattan Biz's Motion to Dismiss is **DENIED** in substantial part and **GRANTED** in minor part only as to Fundamentum's claim for money had and receive, which Fundamentum did not dispute.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga